IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In Re:  REVOLA FONTAINE, | ) | |
| | ) | CHAPTER 7 |
| Debtor, | ) | |
| | ) | CASE NO. 10-98793-JB |
| ************************* | ) | |
| | ) | |
| REVOLA FONTAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADVERSARY PROCEEDING |
| | ) | |
| LENDER BUSINESS PROCESS | ) | CASE NO. 11-05048-JB |
| SERVICES (LBPS); AND MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEMS INC. (MERS); AND | ) | |
| BAC HOME LOANS SERVICING, LP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO DISMISS BY DEFENDANT BAC HOME LOANS SERVICING, LP AND DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND INCORPORATED MEMORANDUM OF LAW

Defendants BAC Home Loans Servicing, LP ("BAC") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"), and by and through counsel, respectfully move the Court to dismiss Plaintiff's Complaint to Determine Validity, Priority and Extent of Liens ("Complaint")

pursuant to Fed.R.Civ.P. 12(b)(6),[1] for failing to state a claim upon which relief may be granted; and Rule 8(a),[2] for failing to provide a short, plain statement of the claim.  In support thereof, Defendant provides the following memorandum of points and authorities.

## I.    <u>Introduction</u>

Plaintiff Revola Fontaine, pro se, filed this lawsuit against MERS, BAC, and Lender Business Process Services ("LBPS") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division.  Because of the paucity of factual allegations and the novelty of the legal theories contained in the Complaint, it is difficult to decipher the exact nature of the dispute at issue, other than it appears to involve mortgages on three properties located in Stone Mountain, Georgia, at 461 Monteagle Trace, 6442 Rockbridge Road, and 6454 Rockbridge Road.  Compl. at ¶ 1.

As a threshold matter, Plaintiff's Complaint fails to allege facts that could be the legitimate basis for a claim for relief against BAC or MERS.  Moreover, Plaintiff's Complaint is particularly difficult to respond to because it asserts a varied assortment of confusing bald legal conclusions.  Plaintiff's exhibits are

---

[1]      Rule 7012 of the Federal Rules of Bankruptcy Procedure provides that Rule 12(b)-(h) of the Federal Rules of Civil Procedure. apply in adversary proceedings.

[2]      Rule 7008(a) of the Federal Rules of Bankruptcy Procedure provides that Rule 8 of the Federal Rules of Civil Procedure apply in adversary proceedings.

mislabeled, and the Complaint's specific allegations do not distinguish between the three properties or, on most occasions, the separate defendants. BAC and MERS are left with no choice but to assume that each generic allegation applies to each of the three properties referenced at the beginning of the Complaint. Additionally, Plaintiff refers to "Defendant Provident" throughout the Complaint, even though "Provident" is not a party to the suit and has no apparent relationship with BAC and MERS. See, e.g., Compl. at ¶¶ 13, 24. It appears that Plaintiff simply copied certain allegations from another complaint without adding facts or changing names to tailor the allegations to a specific dispute between Plaintiff and Defendants. Therefore, it is impossible for BAC or MERS to determine what, if any, of Plaintiff's allegations stem from their actual relationship with Plaintiff.

As discussed herein, Plaintiff's entire Complaint is devoid of any coherent argument that could even arguably state a claim against BAC or MERS. Even under the notice pleading standards used in federal courts, the 11th Circuit has stated that a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal doctrine." Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1283 (11th Cir. 2007); Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 995 (11th Cir. 1983) (stating, enough

3

data must be pleaded so that each element of the alleged … violation can be properly identified.  Conclusory allegations … will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief.) (<u>citing</u> Moore, Federal Practice P8.17 at 81-171 (1982); 5 C. Wright & A. Miller, Federal Practice & Procedure, § 1228 at 170 (1982)).  Failure to state a claim upon which relief can be granted is grounds for dismissal of the Complaint.  Fed.R.Civ. P. § 12(b)(6).

Additionally, in order to properly state a claim and give sufficient notice to a defendant, a plaintiff is obligated to provide sufficient factual allegations to raise a right to relief beyond a speculative level.  <u>Bell Atlantic Corp. v. Twombley</u>, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (discussing this principle in the context of a motion to dismiss pursuant to Rule 12(b)(6)); <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (same).  In the case in chief, the Plaintiff's Complaint is largely nonsensical and boilerplate from beginning to end.  Plaintiff has fallen far short of the necessary standard to properly set forth a claim against Defendant – with the result that Plaintiff's Complaint does not survive a motion to dismiss.

## II.    <u>Incorporated Memorandum of Points and Authorities</u>

### <u>a. Standard of Review</u>

Fed.R.Civ.P. 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In ruling on the pending motion to

dismiss, all of the well-pleaded factual allegations in Plaintiff's Complaint must be accepted as true and construed in the light most favorable to Plaintiff.  Young Apartments. Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1037 (11th Cir. 2008). But "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).  To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" United

Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting Twombly,

550 U.S. at 555).

   b.  **Argument and Citation to Authority**

      1.  **The Complaint must be dismissed pursuant to Fed.R.Civ.P.**
         **12(b)(6) and Rule 8 for failure to state a claim.**

"Rule 8 marks a notable and generous departure from the hyper-technical,

code-pleading regime of a prior era, but it does not unlock the doors of discovery

for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 129

S. Ct, 1937, 1950 (May 18, 2009); see also Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 555 (2007). Under Twombly and Iqbal, a plaintiff is required to plead

facts to support a reasonable inference that there has been some wrongdoing. Iqbal,

129 S. Ct. at 1949; Twombly, 550 U.S. at 570. Simply concluding that BAC

harmed Plaintiff, as Plaintiff has asserted here, completely fails to meet minimum

pleading standards. See Iqbal, 129 S. Ct. at 1949.

      Further, although the Court accepts the truth of the facts alleged in the

complaint when considering a motion to dismiss, see Linder v. Portocarrero, 963

F.2d 332, 334 (11th Cir. 1992), the Court does not accord such deference to

allegations of opinion and legal conclusions.  See South Fla. Water Mgmt Dist. v.

Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996). To properly state a claim,

Plaintiff must allege a factual basis for each element of each claim he asserts,

6

setting forth "enough factual matter (taken as true) to suggest [each] required element." See Watts v. Fla. Intern. Univ., 495 F.3d 1289, 1295 (11th Cir. 2007). Indeed, to state a claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 570.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   The plausibility standard . . . asks for more than a sheer possibility that the defendant has acted unlawfully.

Iqbal, 129 S. Ct. at 1949 (internal quotations and citations omitted).

Pleading deficiencies that warrant dismissal include (1) "confused and rambling narrative of charges and conclusions," (2) "untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," and (3) failing to allege "with even modest particularity the dates and places of the alleged transactions." Poblete v. Goldberg, 680 F. Supp. 2d 18 (D.D.C. Dec. 29, 2009) (dismissing with prejudice complaint where complaint comprised of confusing legal theories and insufficient factual pleadings).

7

Here, Plaintiff has not alleged sufficient facts to "nudge[] [her] claims …
across the line from conceivable to plausible."  Iqbal, 129 S. Ct. at 1951.  Even
considering Plaintiff's allegations in the light most favorable to her, Plaintiff does
nothing more than broadly conclude the actions of BAC and MERS have somehow
harmed her.    Instead, the Complaint consists of Plaintiff's general and
unsubstantiated claims of wrongdoing, citations to seemingly irrelevant statutes,
and bald legal conclusions.   For example, Plaintiff claims that "there were
numerous defects, and clogging provisions amounting to actual and constructive
mortgage fraud and fraud in general on all the pertinent documents, processes,
entities, and individuals relating to this case," (Compl. at ¶ 10) and that
"Defendants' blatant continued attacks to seize Fontaine's property through an
illegal foreclosure are in opposition to not only the foundation but the prosperity
and freedom of the United States of America." (Compl. at ¶ 24).  In short, although
the Complaint includes various legal and equitable theories, it sets out no factual
allegations from which these causes of action could possibly arise.   As such,
MERS and BAC cannot reasonably formulate a response to the pleading and
Plaintiff's Complaint should be dismissed with prejudice.

### 2. Plaintiff's Complaint fails to provide a short and plain statement of the grounds upon which the court's jurisdiction depend and should be dismissed for failure to establish personal jurisdiction.

Plaintiff's Complaint should also be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction and 8(a) for failure to include a short and plain statement of the grounds for this Court's jurisdiction. Plaintiffs bear the burden of establishing the court's personal jurisdiction over the defendants. See Delong v. Washington Mills, 840 F.2d 843, 845 (11th Cir.1988); Bracewell v. Nicholson Air Services, Inc., 748 F.2d 1499, 1504 (11th Cir.1984); Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988); Reuber v. United States, 787 F.2d 599, 599 (D.C. Cir. 1986). The party asserting jurisdiction must allege sufficient facts connecting a defendant to the forum including "[a] short and plain statement of the grounds upon which the court's jurisdiction depends." Id. Fed.R.Civ.P. 8(a); Second Amendment Foundation v. U.S. Conference of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001).

Although it is certainly possible that this Court has personal jurisdiction over BAC and MERS, it is impossible to determine that from the allegations in Plaintiff's Complaint. Plaintiff makes absolutely no allegations regarding whether the Court has personal jurisdiction over the Defendant. See Compl. Under the heading "Venue and Jurisdiction," Plaintiff states how she intends to serve

9

Defendants, that BAC is "Doing Business in Georgia" and that upon servicer, Defendants are subject to the jurisdiction of this Court.  <u>See</u> Compl. 4-7.  Although Defendants may be subject to the jurisdiction of this Court, Plaintiff's Complaint is completely devoid of facts stating the specific transactions and events that occurred, when they occurred and their relationship, if any to BAC and MERS.  As such, the Complaint fails to make any assertions from which the Court may conclude that the Defendant has sufficient contacts with the forum to make the assertion of jurisdiction comport with "fair play and substantial justice."  <u>Burger King v. Rudzewicz</u>, 471 U.S. 462, 476 (1985).

In short, the problem with asserting personal jurisdiction in this case is the problem with the complaint as a whole:  The dearth of factual allegations forces BAC and MERS to guess and speculate as to what they allegedly did, where they allegedly did it, and how those actions relate to the Northern District of Georgia. Defendants respectfully suggest that any assertion of personal jurisdiction in this case would rest on speculation alone, and would be improper.  Accordingly, the action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2).

### 3.  Plaintiff's Complaint must be dismissed because each of its legal theories fails as a matter of law.

Although Plaintiff's complaint should be dismissed for the above-stated reasons, each of Plaintiff's individual counts is clearly erroneous or improperly

10

pled and subject to dismissal as a matter of law for failure to state a cognizable claim.  Taking each theory in turn:

### A. Count One:  Fraud

Under Georgia law, the tort of "fraud" has five essential elements: (1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages.  Lehman v. Keller, 297 Ga. App. 371, 372–73, 677 S.E.2d 415, 417 (2009).

Under Fed.R.Civ.P. 9(b),[3] a party must state with particularity "the circumstances constituting fraud." Currie v. Cayman Res. Corp., 595 F. Supp. 1364, 1372 (N.D. Ga. 1984) (holding under Rule 9(b), a pleader must "include all the elements of fraud" and must "specifically aver the circumstances constituting fraud"). To allege fraud with particularity, and avoid dismissal for failure to comply with Rule 9(b), a plaintiff's complaint must set forth the following:

> (1) Precisely what statements were made in what documents or oral representing or what omissions were made; and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; and (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.

---

[3]    Rule 7009 of the Federal Rules of Bankruptcy Procedure provides that Rule 9 of the Federal Rules of Civil Procedures applies in adversary proceedings.

Brooks v. Blue Cross and Blue Shield of Fla., 116 F.3d 1364, 1371 (11th Cir.

1997).

Throughout the Complaint, Plaintiff alleges that "there has been extensive

abuse, lies, usury, fraud and foreclosure attempts perpetrated [by the Defendants]"

and that "there were numerous defects, and clogging provisions amounting to

actual and constructive mortgage fraud and fraud in general on all the pertinent

documents, process, entities, and individuals relating to this case . . . ."  Compl. at

¶ 10.   However, the Complaint fails to state a single element of fraud with

sufficient particularity to support a fraud claim.  See Compl.  In fact, the Complaint

fails to identify a single false statement made by BAC or MERS—much less

provide the time, place, and contents of that statement, or explain how the

statement misled and was relied upon by Plaintiff and benefitted Defendants.

Brooks, 116 F.3d at 1371.   Accordingly, Plaintiff's claim for fraud must be

dismissed.  Id., Fed.R.Civ.P. 9(b).

Although it is difficult to decipher what underlying conduct is the basis for

Plaintiff's claim of fraud, Plaintiff asserts that "Defendant's [sic] purport these

documents to be loan documents when they are in fact investment contracts . . . ."

Compl. at ¶ 16.  Plaintiff appears to allege that securitization of a note renders the

note and security deed unenforceable.  Compl. at ¶¶ 15–19.  To the extent (which

12

is unclear) Plaintiff is arguing that the securitization of a note is somehow *per se* improper, Plaintiff's argument is without legal or factual support.  Although a new agreement is created to effectuate a securitization, the new contract is separate and distinct from a borrower's obligations to pay under a note and the borrower continues to be bound by the terms of the deed of trust.  Commonwealth Property Advocates LLC v. First Horizon Home Loan Corporation, 2010 U.S. Dist. LEXIS 121743 at *6 (D.C. Utah Nov. 16, 2010).  Additionally, the provisions of a security deed contemplate future transfers or assignments and, as such, any claim that "the right to enforce the instrument is lost due to the loan securitization process is incorrect." Ramirez-Alvarez v. Aurora Loan Services, LLC, 2010 U.S. Dist. LEXIS 116995 at *11–12 (E.D. Va. July 21, 2010); see also Ruggia v. Washington Mutual, 719 F.Supp.2d 642, 646–47 (E.D. Va. May 13, 2010) (holding that "a deed of trust continues to secure the holder of a note and nothing in the negotiation or putative securitization of a note renders it unsecured").

Plaintiff also references several provisions under Article 3 and Article 9 of Georgia's Commercial Code.  See, e.g., Compl. at ¶ 13 and 14 (citing O.C.G.A. §§ 11-3-309, 11-9-104, 11-9-105, 11-9-107, and 11-9-318).   Georgia courts have clearly held that Article 9 of the UCC "does not apply to the creation or transfer of an interest in or lien on real estate."  Chen v. Profit Sharing Plan of Donald H.

Bohne, DDS, P.A., 456 S.E.2d 237, 241 (Ga. App. 1995).  Additionally, because
Plaintiff quotes § 11-3-309 and alleges that it has been violated by BAC and
MERS without providing a factual basis for any violation, Plaintiff fails to state a
cognizable claim for relief.

In sum, to the extent that Plaintiff's Complaint can be construed as arguing
that the securitization of a note is *per se* illegal or that foreclosure of the note and
security deed on the subject property is governed by Article 9 of the Uniform
Commercial Code, those positions are clearly erroneous.  Plaintiff also references
several provisions relating to the regulation of "broker-dealers" under Title 10,
Chapter 5 of the Georgia Code.  Compl. at ¶ 17–19.  Once again, Plaintiff has used
conclusory language, stating that "Defendants including [MERS] are clearly
operating outside of the exemption requirements" and "Defendant's [sic] purport
these documents to be loan documents when they are in fact investment contracts."
Compl. at ¶¶ 16, 18.  Plaintiff draws these legal conclusions without any
accompanying factual support.  Because a Plaintiff must provide "more than labels
and conclusions, and a formulaic recitation of the elements of a cause of action will
not do," Plaintiff's claim for fraud must be dismissed.  Twombly, 550 U.S. at 555.

Of course, the fact that BAC and MERS are forced to speculate about the
claims being levied against it further supports the broader argument that the

14

Complaint fails to state a claim under Rules 8 or 12(b)(6). <u>See</u> Argument at § II(b)(1), *supra.*

## B. Count Two:  Punitive Damages

In Count Two, Plaintiff asserts that the Court should award her punitive damages, arguing that "Defendant's [sic] conduct in this regard is reprehensible and shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the resumption [sic] of conscious indifference to consequences."  Compl. at ¶¶ 21–22.

Based on this statement alone, it is impossible to determine what specific conduct by BAC or MERS justifies the imposition of punitive damages. Presumably, Plaintiff is basing her request for punitive damages on the alleged fraud claims.  <u>See</u> Compl. ¶ 20 (reincorporating paragraphs 1–19 of the Complaint, which form the basis of Plaintiff's fraud claim).  The Complaint fails to identify a single false statement made by BAC or MERS, and therefore necessarily fails to provide the time, place, and contents of that statement, or explain how the statement misled and was relied upon by Plaintiff and benefitted Defendants.  <u>See</u> <u>Brooks,</u> 116 F.3d at 1371 (explaining the "particularity" requirements of Rule 9(b) of the Federal Rules of Civil Procedure).  Since Plaintiff's fraud claim must be dismissed, it cannot serve as the basis for punitive damages and Plaintiff's claim

for punitive damages also must be dismissed.  See Ellison v. Ford Motor Co., 650 F. Supp. 2d 1298, 1306–07 (N.D. Ga. 2009) ("Under Georgia law, a plaintiff can succeed on a claim for punitive damages only if there is a valid claim for actual damages to which it could attach.") (internal citations omitted).

### C. Count Three:  Constitutional Violations

Plaintiff alleges that Defendant Provident is in violation of the Fourth and Fifth Amendments of the United States Constitution, as well as several provisions under Article I of the Georgia Constitution.  Compl. ¶ 24.  As an initial matter, "Provident" is not a defendant in this proceeding.  Because the allegations of constitutional violations are attributed only to Defendant Provident and do not apply to BAC or MERS, they should be dismissed as to BAC and MERS on that basis alone.

However, even if Plaintiff asserted these claims against BAC or MERS, which she did not, she fails to state cognizable legal claims for relief and Count Three of the Complaint should be dismissed.  The Eleventh Circuit has held that "[t]he federal constitution does not protect against injuries by purely private individuals—that is, individuals who cannot be considered as acting for state or local government."  Howard v. Wal-mart, 175 Fed. App'x 282, 283 (11th Cir. 2006).  Neither BAC nor MERS is a state actor, and Plaintiff has not alleged

16

otherwise.  Compl. ¶ 24; see also L&J Crew Station, LLC v. Banco Popular de Puerto Rico, 278 F.Supp.2d 547, 560 (D. V.I. 2003) (finding that the defendant banks were "clearly . . . not state actors.").  Therefore, Plaintiff's claims under the United States Constitution must fail.

Similarly, Plaintiff's claims under the Georgia Constitution must fail. Plaintiff asserts that Defendant Provident violated Article I, Section I, Paragraphs I, II, IV, and XXVI of the Georgia Constitution.  Compl. at ¶ 24. Paragraph I, the Georgia due process provision, applies only to state action—much like its federal counterpart.  See Reinertsen v. Porter, 250 S.E.2d 475, 477 ("The due process clauses of the United States and Georgia Constitutions control only the action of states, not those of private individuals.").  Paragraph II, the Georgia equal protection provision, also applies only to state action.  See Johnson v. Shoney's, Inc., 2005 U.S. Dist. LEXIS 18101 at *12 (M.D. Ga. Aug. 18, 2005) (rejecting the plaintiff's equal protection claim under the Georgia Constitution because of the absence of state conduct).

Plaintiff claims violations of Paragraph IV of the Georgia Constitution which provides that "[n]o inhabitant of this state shall be molested in person or property . . . on account of religious opinions . . . ." GA. CONST. Art. I. Sec. 1. Para. IV.  It is clear that a claim is not facially plausible unless plaintiff "pleads factual

17

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. 1949 (citing Twombley, 550 U.S. at 570).    Because Plaintiff has not given any indication that religious discrimination played any role in the relationship between Plaintiff and Defendants, Plaintiff has failed to sufficiently plead this claim and it must be dismissed.

Plaintiff's argument under Article I, Section I, Paragraph XXVI also should be dismissed.  This provision relates to homestead exemptions.  "A deed made to secure a debt conveys title to land, and a homestead therein will avail nothing as against such title.  There is nothing in the debtor upon which a homestead can operate save the equity of redemption; if he never redeems, there is nothing to which it can attach." Rose v. Crane Heating Co., 31 S.E. 2d 717, 720 (Ga. 1944). Because Plaintiff has made no showing of redemption, the homestead exemption cannot apply.  Additionally, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).  Plaintiff's bald assertion that her constitutional rights have been violated under this provision is nothing more than an unsupported conclusion of law, and should therefore be dismissed.

Finally, Plaintiff's argument under Article I, Section III of the Georgia Constitution also must fail. This Section relates to eminent domain, and specifically provides that "private property shall not be taken or damaged <u>for public purposes</u> . . . ." GA. CONST. Art. I, Sec. III, Para. I. (emphasis added). Because there is no allegation that the property at issue was "taken or damaged for public purposes," or, as discussed above, that any state actor was involved, Plaintiff's claim must be dismissed.

### D. Count Four:  Civil Rights Act Violations

Plaintiff alleges that Defendants violated 18 U.S.C. § 241 by "conspiring to subvert the Plaintiff of her real and equitable interest in her property by fraud." Compl. at ¶ 26.

This statute provides for a criminal penalty for violations of civil rights laws, but does not provide for a private right of action. <u>See Anderson v. Dunbar Armored, Inc.</u>, 678 F. Supp. 2d 1280 (N.D. Ga. 2009) ("Sections 241 and 242 are criminal statues, and they do not provide for a private right of action."). Plaintiff's allegation of a Civil Rights Act Violation and citation to a statute that is criminal in nature does not present a cognizable civil claim and must be dismissed.

19

### E. Plaintiff's Request for Injunction

Finally, Plaintiff requests that the court enjoin "any transfer of the Subject Properties and reverse any foreclosure if executed by the Defendants."  Compl. at ¶ 30.  It is settled law in this Circuit that a temporary restraining order is an "extraordinary and drastic remedy[.]" Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985). To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246–47 (11th Cir. 2002).  Plaintiff has failed to make such a showing here—particularly, for the reasons stated herein, in regards to a substantial likelihood of success on the merits—and accordingly a temporary restraining order is inappropriate.  Lacosta v. McCalla Raymer, LLC, 2011 U.S. Dist. LEXIS 5168, 4-5 (N.D. Ga. Jan. 18, 2011).

### III. Conclusion

WHEREFORE, for the above and foregoing reasons, this Court should grant this Motion to Dismiss by Defendants MERS and BAC pursuant to Rule 12(b)(6), for failing to state a claim upon which relief may be granted; and Rule 8(a), for

failing to provide a short, plain statement of the claim, and for such other and

further relief as the Court deems equitable and appropriate under the circumstances

     This 28th day of February, 2011.

                           /s/ Andrew G. Phillips
                      Andrew Phillips
                      Georgia Bar No. 575627
                      C. Jordan Myers
                      Georgia Bar No. 201008
                      McGuireWoods LLP
                      1170 Peachtree Street, N.E.
                      Suite 2100
                      Atlanta, Georgia 30309-7649
                      404-443-5500 (telephone)
                      404-443-5599 (facsimile)
                      aphillips@mcguirewoods.com
                      cjmyers@mcguirewoods.com

                      *Attorneys for Defendants BAC Home Loans*
                      *Servicing, LP and Mortgage Electronic*
                      *Registration Systems, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In Re:  REVOLA FONTAINE, | ) | |
| | ) | CHAPTER 7 |
| Debtor, | ) | |
| | ) | CASE NO. 10-98793-JB |
| *************************** | ) | |
| | ) | |
| REVOLA FONTAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADVERSARY PROCEEDING |
| | ) | |
| LENDER BUSINESS PROCESS | ) | CASE NO. 11-05048-JB |
| SERVICES (LBPS); AND MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEMS INC. (MERS); AND | ) | |
| BAC HOME LOANS SERVICING, LP, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of February, 2011 the foregoing *Motion to Dismiss by Defendants BAC Home Loans Servicing, LP and Mortgage Electronic Registration Systems, Inc. and Incorporated Memorandum of Law* was electronically filed using the Court's ECF system and a copy mailed via First-Class Mail, postage prepaid to:

Revola Fontaine
461 Monteagle Trace
Stone Mountain, Georgia  30087


_____/s/ Andrew G. Phillips_____
Andrew G. Phillips